IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS HENDON,

      Plaintiff,                      No. 2:12-cv-01702 DAD P

    vs.

WILLIAM E. KULKA, et al.,

      Defendants.         <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se with an amended complaint. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. Plaintiff has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). <u>See</u> Doc. No. 4.

        The federal in forma pauperis statute includes a limitation on the number of actions in which a prisoner can proceed in forma pauperis. Specifically, that statute provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [§ 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may

/////

1

1  be granted, unless the prisoner is under imminent danger of
2  serious physical injury.

3  28 U.S.C. § 1915(g).  Thus, where a prisoner has submitted an application to proceed in forma

4  pauperis under 28 U.S.C. § 1915, the court must determine whether plaintiff has, on three or

5  more occasions prior to the filing of this new action, brought a civil action or appeal that was

6  dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which

7  relief could be granted.  A "plaintiff has 'brought' an action for the purposes of § 1915(g) when

8  he submits a complaint and request to proceed in forma pauperis to the court."  O'Neal v. Price,

9  531 F.3d 1146, 1152 (9th Cir. 2008).  Where a district court disposes of a prisoner's complaint

10 without prepayment of fees on the grounds that the submitted complaint is frivolous, malicious

11 or fails to state a claim upon which relief may be granted, the complaint has been "dismissed" for

12 purposes of § 1915(g).  Id. at 1153.  "[A] dismissal ripens into a strike for §1915(g) purposes on

13 the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the

14 prisoner filed one, or from the date when the time to file a petition for writ of certiorari expires, if

15 he did not."  Silva v. DiVittorio, 658 F.3d 1090, 1100 (9th Cir. 2011) (internal quotation marks

16 omitted).

17         Here, court records reveal that plaintiff has accumulated at least three such

18 "strikes" in actions he has filed in the United States District Court for the Eastern District of

19 California.  Those cases counting against plaintiff as strikes for purposes of §1915(g) have

20 previously been identified by another judge of this court based on court records as follows:

21     In Hendon v. Rogel, Case No. 2:05-cv-01063 DFL PAN,
   findings and recommendations were filed recommending that the
22 action be dismissed for failure to state a claim. (Doc. No. 10.)  The
   findings and recommendations were adopted by the District Judge
23 on August 28, 2006.  (Doc. No. 14.)  The appeal to the U.S. Court
   of Appeals was dismissed for lack of jurisdiction as the notice of
24 appeal was not timely filed.  (Doc. No. 20.)

25     In Hendon v. Wichter, Case No. 1:05-cv-01246 AWI DLB,
   findings and recommendations were filed recommending that the
26 action be dismissed for failure to state a claim. (Doc. No. 16.)  The

     findings and recommendations were adopted by the District Judge on August 6, 2007. (Doc. No. 18.) On appeal, the U.S. Court of Appeals affirmed the judgment. (Doc. No. 28.)

     In <u>Hendon v. White</u>, Case No. 2:07-01825 GEB CMK, findings and recommendations were filed recommending that the action be dismissed because plaintiff's Eighth Amendment medical care claim showed only negligence and a difference of opinion between plaintiff and medical providers. (Doc. No. 7.) The findings and recommendations were adopted by the District Judge on February 5, 2008. (Doc. No. 9.) On appeal, the U.S. Court of Appeals considered the dismissal of plaintiff's claim for failure to allege deliberate indifference to his serious medical needs and affirmed the judgment. (Doc. No. 14.)

<u>Hendon v. Baroya</u>, Case No. 1:09-cv-00911 MJS (E.D. Cal. July 29, 2010) (Doc. No. 14 at 2). Based upon the previous finding by Magistrate Judge Seng in <u>Hendon v. Baroya</u> and the cases cited therein, the undersigned finds that on at least three occasions prior to the filing of this pending action, plaintiff has brought civil actions that were dismissed for failure to state a claim upon which relief could be granted.

     The court notes that there is an exception to the three-strike bar of § 1915(g) which allows a prisoner to proceed with a civil action despite three prior qualifying dismissals where the prisoner adequately alleges that he or she is under imminent danger of serious physical injury. See <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1056-57 (9th Cir. 2007). However, the imminent danger exception applies only "if the complaint makes a <u>plausible</u> allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." <u>Id.</u> at 1055 (emphasis added).

     In his original complaint, plaintiff alleged that from February 17, 2009 to June 22 2012, he was forced to take the psychotropic drugs Haldol and Geodon which cause him to suffer side effects, including "stiffness, a shuffling gait, high blood pressure and cholesterol, and dry mouth." (Doc. No. 1 at 3.) Plaintiff also alleged that the medications he was required to take

/////

/////

"increases the risk of damaging plaintiff's liver, kidney, etc." (Id.)[1] The court is unable to determine based on these bare allegations whether it is plausible that plaintiff faced an imminent danger of serious physical injury at the time he initiated this action on June 22, 2012.  Therefore, if he wishes to pursue his application to proceed in forma pauperis the court will direct plaintiff to submit a supplemental statement with medical records supporting his contention that he faced an "imminent danger of serious physical injury" on June 22, 2012 when he initiated this action. See Andrews, 493 F.3d at 1055; see also Holz v. McFadden, No. ED CV 07-1410-DSF (PJW), 2011 WL 2882562, at *2 (C.D. Cal. June 27, 2011) (acknowledging that "the focus of the inquiry regarding imminent danger is the time when the action is filed" and noting that "uttering the words 'imminent danger' is not enough to fit within the exception").[2]

      Accordingly, IT IS HEREBY ORDERED that within thirty days from the service of this order, plaintiff shall submit a supplemental statement and medical records demonstrating that he was in imminent danger of serious physical injury at the time he filed his original complaint.  Plaintiff's failure to comply with this order will result in the dismissal of this action without prejudice.

DATED: April 8, 2013.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
hend1702.supp1915g

---

[1] In his amended complaint dated August 21, 2012 and received for filing by the court on September 11, 2012, plaintiff repeated these allegations without identifying the medications he was allegedly forced to take but did allege that his forced medicating continued through his filing of the amended complaint. (Doc. No. 5 at 3-4.)

[2] In this regard, plaintiff should consider presenting any medical evidence to which he may have access suggesting that he has suffered increased blood pressure and cholesterol levels and liver and kidney damage as a result of the medications that have allegedly been forced upon him.  In addition, plaintiff should present any evidence he has that would suggest that these conditions have worsened over the past ten months since his commencement of this action.